IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | |
|---|---|
| JAMES EARL JOHNSON #430463, | ) |
| Plaintiff, | ) No. 2:16-cv-00075 |
| v. | ) CHIEF JUDGE SHARP |
| TIM NASH, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff James Earl Johnson, an inmate in the Putnam County Justice Center in Cookeville, Tennessee, has filed a pro se complaint (ECF No. 1) for violation of civil rights pursuant to 42 U.S.C. § 1983. Before the Court is the plaintiff's application to proceed without prepaying fees or costs. (ECF No. 2.) In addition, the complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

**A. Application to Proceed as a Pauper**

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee of $350 required by 28 U.S.C. § 1914(a). Ordinarily, prisoner-plaintiffs are required to have their IFP applications notarized and to support them with copies of their trust account statements for the 6-month period preceding the filing of the complaint. See 28 U.S.C. § 1915(a)(2) and Administrative Order 93. However, because the plaintiff has alleged that the jail staff has refused to provide notary services in connection with his lawsuit (ECF No. 1, at 8), those requirements are waived in this case. Because it is apparent from the plaintiff's submission that he lacks the funds to pay the entire filing fee in advance, his application to proceed as a pauper (ECF 2) is **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), the plaintiff is nonetheless assessed the $350.00 civil filing fee. The administrator of the Putnam County Justice Center, as custodian of the petitioner's trust account, is **DIRECTED** to submit to the clerk of court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to the plaintiff's credit at the jail; or (b) 20% of the average monthly balance to the plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of the plaintiff's preceding monthly income (or income credited to Petitioner for the preceding month), but only when the balance in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the clerk of court. 28 U.S.C. § 1915(b)(3).

The clerk of court **MUST** send a copy of this order to the administrator of the Putnam County Justice Center to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the administrator must ensure that a copy of this order follows the plaintiff to his new place of confinement, for continued compliance herewith. All payments made pursuant to this order must be submitted to the clerk of court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

**B. Initial Review of the Complaint**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to conduct an initial review of any complaint filed *in forma pauperis*, and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The complaint (ECF No. 1) alleges that the plaintiff is being denied 98 days of good time credit toward the service of his sentence. The plaintiff alleges that upon inquiring about his sentence credits, he has been told that the judge handling his criminal case ordered that his sentence be served day-for-day without benefit of any credits, due to the plaintiff's previous failure to return from furlough. (ECF No. 1, at 5.) The plaintiff claims that he is being "wrongfully restrained in states custody," and seeks "emergency release with time served" in addition to his 98 days of credits and $300,000 in damages. (ECF No. 1, at 5, 6.)

The plaintiff's claims relate directly to the duration of his confinement under a state criminal judgment and may not be presented under § 1983 until he achieves a favorable determination through state remedies or habeas corpus. The law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement ... even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973)).

A § 1983 claim challenging a prisoner's confinement must be dismissed even where a

plaintiff expressly seeks injunctive or monetary relief. *Heck*, 512 U.S. at 489–90 (claim for damages is not cognizable); *Preiser*, 411 U.S. at 488–90 (claim for injunctive relief is only cognizable under 28 U.S.C. § 2254). The United States Supreme Court has explained that "a state prisoner's § 1983 action is barred (absent prior invalidation [of his conviction or sentence])—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005). The plaintiff's current action expressly seeks his immediate release from incarceration, and therefore falls squarely within the prohibition of *Heck*.

Accordingly, this action is not currently cognizable under § 1983. This matter is hereby **DISMISSED** without prejudice to the plaintiff's ability to refile upon removal of the *Heck* bar to relief, if the plaintiff succeeds in having his sentence corrected through state remedies or a federal writ of habeas corpus. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Any appeal of this order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

It is so **ORDERED**.

_____
Kevin H. Sharp, Chief Judge
United States District Court